IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STARS RESTAURANTS, L.P., </br></br> Plaintiff, </br></br> v. </br></br> ROGERS & BELDING INSURANCE AGENCY, INC., et al., </br></br> Defendants. | Case No. CIV-05-1297-T |

**O R D E R**

Before the Court is Plaintiff's Motion tor Remand, filed December 8, 2005, and timely opposed by Defendants. Plaintiff seeks remand of the case to state court under 28 U.S.C. § 1447(c) due to an alleged defect in removal procedure, namely, an untimely notice under 28 U.S.C. § 1446(b). Plaintiff contends the factual basis for diversity jurisdiction was apparent from its initial pleading and thus Defendants' failure to remove the case within thirty days after receiving service of the petition on July 25, 2005, renders the removal untimely. Defendants deny the amount in controversy could reasonably be determined from the petition. They filed the notice of removal on November 7, 2005, within thirty days after receiving Plaintiff's response to written discovery stating its compensatory damages total $530,000.00.

These contentions draw into question whether the removal is governed by the first or second paragraphs of Section 1446(b), which provides in pertinent part:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C.A. § 1446 (b). Plaintiff contends its initial pleading was removable because the allegations provided a factual basis for Defendants to conclude that damages exceed $75,000. Defendants contend the initial pleading was not removable because it did not quantify Plaintiff's damages, which were first ascertained when they received Plaintiff's interrogatory answer.

The court of appeals has determined that to be removable, an initial pleading must "provide unequivocal notice of the right to remove." *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1035 (10th Cir. 1998). The court in *Akin* held the petition did not provide such notice because ambiguous wording made it unclear whether there was a factual basis for removal jurisdiction (federal enclave and federal officer). *Id*. Similarly, in *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979), where the second paragraph of § 1446(b) was at issue, the court held the plaintiff's deposition testimony stating he had moved to another state provided insufficient notice of a basis for diversity jurisdiction. The court found a subsequent amended pleading provided unequivocal notice of a change of domicile sufficient to enable the defendant "to ascertain intelligently that the requisites of removability are present." *Id*; *but see Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999) (deposition testimony triggered the thirty-day period of removability).

The parties generally agree on these legal principles but disagree how they should be applied under the facts of this case. Plaintiff believes the factual allegations of its petition provided clear notice that the amount in controversy exceeds $75,000; Defendants rely on the petition's general prayer for damages "in excess of $10,000.00" to contend that insufficient notice of the federal

jurisdictional amount appeared on the face of the petition.  There is no question the petition alleges diversity of citizenship between Plaintiff and Defendants.

The petition alleges Defendants served as Plaintiff's insurance agents for several years and assisted Plaintiff in procuring business insurance of various types and levels of coverage.  Plaintiff allegedly relied on Defendants' expertise and advice in purchasing insurance and first realized it had insufficient coverage under its employee theft policies after discovering in 2004 that a former employee had embezzled "hundreds of thousands of dollars over the course of the past several years." (Petition at 2, ¶ 8.)  After filing a claim, Plaintiff allegedly learned of a coverage provision that limited recovery for its loss to "the single year when the embezzlement was discovered and reported." (Petition at 2, ¶ 9.)  Plaintiff also allegedly learned Defendants had misrepresented the amount of available coverage for employee theft. (Petition at 3, ¶ 11.)  Plaintiff seeks recovery from Defendants under theories of negligence and breach of contract for its "injury in an amount equal to the difference between the dollar amount collected by [Plaintiff] under its existing insurance and the total amount of its loss due to its employee's embezzlement." (Petition at 3, ¶ 11.)  Plaintiff requests punitive damages based on an alleged reckless disregard of its rights. (Petition at 3, ¶ 12.)

The Court agrees with Defendants that a petition is "removable" within the meaning of the first paragraph of § 1446(b) only when it contains factual allegations from which one can determine the amount in controversy exceeds the jurisdictional amount.  Only statements contained in the petition itself provide unequivocal notice of a basis for diversity jurisdiction.  Although no Tenth Circuit case so holds, other circuits are unanimous in adopting a rule that does not depend on the defendant's knowledge of additional facts.  *See Lovern v. General Motors Corp.,* 121 F.3d 160, 162 (4th Cir. 1997) ("we will allow the court to rely on the face of the initial pleading . . . to determine

when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading"); *Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 53-54 (3d Cir.1993); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir.1992). Under this rule, the "'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689 (2005), 690 -91 (9th Cir. 2005) (quoting *Chapman*, 969 F.2d at 163); *see also Whitaker v. American Telecasting, Inc.,* 261 F.3d 196, 206 (2d Cir. 2001) (standard requiring use of reasonable intelligence in ascertaining removability "does not require a defendant to look beyond the initial pleading for facts giving rise to removability"). "This rule 'promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know.'" *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) (quoting *Chapman*, 969 F.2d at 163).[1]

Applying these principles here, the Court finds the petition was not removable. While alleging a theft loss of "hundreds of thousands of dollars," the petition seeks damages of some lesser amount (reduced by insurance money collected for one year). This latter amount is not disclosed in the petition. Plaintiff instead relies on information outside the petition to establish that Defendants actually knew the amount of Plaintiff's total loss ($580,000) and the amount of the

---

[1] This rule is not inconsistent with case law holding that removal jurisdiction can be established by allegations in the notice of removal. *See Laughlin v. Kmart Corp*., 50 F.3d 871, 873 (10th Cir. 1995). While a defendant can remove a case based on information outside the petition, it is not required to do so. "Should a defendant choose to remove a case within thirty days from its receipt of an initial pleading that does not reveal on its face that the plaintiff is seeking damages in excess of the jurisdictional minimum, the federal court may either: (1) look to the petition for removal, (2) make an independent appraisal of the amount of the claim, or suggest that the defendant is free to do so, or (3) remand the action." *Chapman*, 969 F.2d at 163 n.6.

alleged coverage limitation ($50,000). Plaintiff presents evidence with its motion to show Defendants were acting as Plaintiff's agents when the theft was discovered and assisted Plaintiff in determining available coverage and submitting a proof of loss. (Pl.'s Mot. Remand, Exs. B-C to Ex. 3.) The Court has determined, however, these extra-pleading facts cannot be considered. Regardless whether Defendants had information that permitted them to ascertain a claim for damages in excess of $75,000, the petition alone did not provide unequivocal notice of this fact.

Viewing only the petition itself, one cannot intelligently ascertain the amount of actual damages claimed by Plaintiff. Because actual damages cannot be determined from the petition, Plaintiff's quest for punitive damages also did not provide clear notice of a jurisdictional basis. The petition contained factual allegations that would permit an award of punitive damages in an amount equal to actual damages, if less than $100,000. *See* Okla. Stat. tit. 23, § 9.1(B). Without sufficient facts to quantify Plaintiff's actual damages, however, the petition does not permit a calculation of possible punitive damages.

In summary, the Court finds Plaintiff's initial pleading did not trigger the thirty-day removal period of § 1446(b). Defendants filed their notice of removal within thirty days after receiving Plaintiff's interrogatory answer stating the amount of its alleged damages, which paper provided unequivocal notice of removability. Thus Plaintiff has failed to demonstrate a defect in the removal that would warrant an order of remand under § 1447(c).

Therefore, Plaintiff's Motion to Remand [Dkt. 9] is DENIED. Plaintiff's Motion to file Reply Brief [Dkt. 12] is DENIED as moot.

Dated this 30th day of December 2005.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE